UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**ANTHONY B.,**

**Plaintiff,**

      v.

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant**.

Case No. 1:22-cv-00451-TPK

OPINION AND ORDER

## OPINION AND ORDER

### I. INTRODUCTION AND DISCUSSION

      This case is before the Court for the second time to consider a final decision of the Commissioner of Social Security which denied Plaintiff's applications for disability insurance benefits and supplemental security income. In the prior case, Case No. 1:19-cv-1078, the parties stipulated to a remand, and a judgment implementing that stipulation was entered on July 21, 2020. After an Administrative Law Judge again denied Plaintiff's applications, Plaintiff filed this action and moved for judgment on the pleadings on November 7, 2022 (Doc. 9). In response, the Commissioner has filed a motion to remand, conceding that additional administrative proceedings are necessary. *See* Doc. 16. That motion appears to be unopposed.

      As the Commissioner notes, Plaintiff raised a single issue in his motion - that the ALJ erred by failing to follow the remand order issued by the Appeals Council, which directed the ALJ to, among other things, "[e]xhibit and consider the November 21, 2018 treating opinion from Elizabeth Siebari, M.D. that was submitted to the Appeals Council." (Tr. 1411). The Commissioner agrees that the ALJ did not consider that opinion (although the Commissioner points out that Ms. Siebari does not appear to be a medical doctor) and that a remand is needed in order for that error to be corrected. Plaintiff's memorandum makes essentially the same argument, stating that "[a]s the ALJ was instructed to specifically address and evaluate this opinion, his failure constitutes harmful error as he both failed to address limitations that conflict with his finding and comply with the order of the Court. This warrants remand." Plaintiff's memorandum, Doc. 9-1, at 15-16.

      The Commissioner also notes, in his motion, that this failure can only impact Plaintiff's claim for supplemental security income, because the opinion in question indicates the limitations it describes have been present only since 2017, and Plaintiff's insured status for disability insurance purposes expired in 2014. Although Plaintiff has not responded to this argument, it is

not the Court's role to determine the extent to which, if any, the unconsidered opinion might, along with other evidence, shed some light on Plaintiff's condition in earlier years.  Rather than try to bifurcate the two applications on remand, the Court will simply remand the entire case to the Commissioner, who may then address the issue raised in the motion to remand.

## II.  CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** both the Plaintiff's motion for judgment on the pleadings (Doc. 9) and the Commissioner's motion to remand (Doc. 16), and **REMANDS** the case to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.

/s/ Terence P.  Kemp
**United States Magistrate Judge**